UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHANNON LUEFLING, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:12-cv-335-JMS-WGH |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Shannon Luefling seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISF 12-08-298. In that proceeding, Luefling was found guilty of violating prison rules by engaging in unauthorized financial transactions. Contending that the proceeding is tainted by constitutional error, Luefling seeks a writ of habeas corpus. The Court finds, however, that there was no error of that nature and that Luefling's habeas petition must therefore be **denied.** This conclusion rests on the following facts and circumstances:

1. Luefling is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

2. In these circumstances, Luefling was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written

notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a hearing officer be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

        3.      Under *Wolff* and *Hill,* Luefling received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Luefling was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions imposed. His arguments that he was denied due process are either refuted by the expanded record or based on assertions which do not entitle him to relief. Specifically, his claim that he was denied evidence overstates his limited due process interest where the hearing officer has considered the evidence—merely outside Luefling's presence. *White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir. 2001) (prisoner had no due process right to view videotape that the disciplinary board considered). Additionally, his claim that the conduct report in No. ISF 12-08-298 was written in retaliation lacks merit here. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999); *Salazar v. Superintendent, Indiana State Prison*, 2012 WL 6681738 (N.D.Ind. Dec. 20, 2012). A hearing officer (or conduct board) that follows established procedures, whose

discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 571. Those procedures were followed in this case and Luefling offers nothing other than the outcome of the matter to support his claim otherwise.

      4.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Luefling to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

      Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 05/07/2013

                                             Hon. Jane Magnus-Stinson, Judge
                                             United States District Court
                                             Southern District of Indiana

Distribution:

Shannon Luefling
No. 931236
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, IN 46135-9275

All Electronically Registered Counsel